In the Matter of Proving the Last Will and Testament of CHRISTIAN CARSTENS, Deceased. HARRIET McDERMOTT and Another, Appellants; MARTHA BRAUNER, as Executrix, etc., of CHRISTIAN CARSTENS, Deceased, and Another, Respondents. — Proceeding in the Surrogate's Court, Queens county, in the matter of the probate of the will of the testator, to determine his place of residence at the time of his death. It was claimed on the part of the contestants that the testator moved from his home in Queens county to the home of one of the contestants on February 23, 1934; that he made a last will and testament at Union City, N. J., on February twenty-fourth, and went to the hospital for treatment the same day, where he died on March eighth; and that the Surrogate's Court of Queens county had no jurisdiction in the matter of probating a prior will or of administering his estate. Order determining that the testator was a resident of Queens county and that the Surrogate's Court of that county had jurisdiction to entertain the proceeding unanimously affirmed, with costs against appellants personally. No opinion. Present — Lazansky, P. J., Hagarty, Tompkins, Davis and Johnston, JJ.

In the Matter of the Application of THE CITY OF NEW YORK, Respondent, Relative to Acquiring Title Wherever the Same Has Not Been Heretofore Acquired for the Same Purpose in Fee to the Lands, Tenements and Hereditaments Required for the Purpose of Opening and Extending East Ninety-sixth Street from East New York Avenue to Rutland Road; from Winthrop Street to Lenox Road, and from Linden Avenue to Church Avenue, in the Borough of Brooklyn, City of New York. NATHAN I. SLUTSKY, Appellant.— Decree in so far as appealed from reversed on the law and the facts, with costs, and matter remitted to the Special Term to determine the amount of damages sustained. The court erred in not awarding substantial damages. At the time the claimant conveyed the two parcels abutting on damage parcels numbered 2, 3 and 4, he excluded from the grants the fee to said damage parcels and expressly reserved to himself any award to be made in connection with the acquisition of title by the city for the land lying in the bed of East Ninety-sixth street. Moreover, both parcels conveyed by claimant have a frontage on legally and physically opened streets and no necessity for ingress or egress over damage parcels 2, 3 and 4 existed. An easement of access, under the facts disclosed by this record, will not be implied unless it is absolutely necessary in order to obtain access to the land for whose benefit it was created. Mere convenience is not sufficient. (*Reis* v. *City of New York*, 188 N. Y. 58; *Bauman* v. *Wagner*, 146 App. Div. 191–195; *Matter of Brook Avenue*, 40 id. 519; affd., 161 N. Y. 622.) Lazansky, P. J., Young, Carswell, Scudder and Johnston, JJ., concur.